El Pueblo, Demandante y Apelado, *v.* Barbosa et al., Acusados y Apelantes.

Nọ. 2126.—*Visto:* Mayo 22, 1924.   *Resuelto:* Julio 30, 1924.

Juicio Rápido—Sobreseimiento—Justa Causa para la Demora.—Examinada la causa alegada por el fiscal y considerada como justa por la corte de distrito, el tribunal, por las razones que se consignan en la opinión, decidió que no lo era, revocó la sentencia apelada y ordenó el archivo de la acusación.

Sentencia de *P. Berga,* J. (Humacao), condenando al acusado por infracción del artículo 84 del Código Penal. *Revocada.*

*L. Mendín Sabat,* abogado de los apelantes; *José E. Figueras, Fiscal,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se formuló acusación contra Rafael Barbosa y otros imputándoles la violación del artículo 84 del Código Penal. La acusación fué archivada el 8 de junio de 1922. Al contestarla, los acusados pidieron que fuera sobreseída por haber transcurrido más de los sesenta días que fija la ley entre su arresto y la presentación del cargo. El fiscal se opuso y la corte estimando que existía justa causa para la dilación, negó el sobreseimiento.

Los hechos alegados y apreciados por la corte como constitutivos de justa causa fueron que si bien el arresto de los acusados se verificó el 4 de febrero y la acusación no se formuló hasta el 8 de junio, ello se debió a que las diligencias preliminares instruídas por el juez municipal de Caguas no se recibieron por el Fiscal de Humacao hasta el 17 de febrero, a que ya se había citado el término de Gran Jurado de febrero cuyo sorteo tuvo lugar el día 23, habiéndose pre-

sentado a la corte el 15 la lista de causas que iban a someterse al Gran Jurado por cuyo motivo no se incluyó la seguida contra los acusados, y a que el otro término de Gran Jurado no comenzó hasta junio siguiente y sólo entonces fué que hubo oportunidad de presentar la acusación.

No estamos conformes. Los fiscales deberían estar en comunicación directa con los jueces municipales cuando éstos se encargan de instruir las primeras diligencias. Y cuando los jueces municipales actúan, generalmente todas las declaraciones se remiten por escrito, de modo que es sumamente fácil el estudio del fiscal. No se trataba de un caso complicado.

Mientras la ley no sea modificada, los fiscales y los jueces en el ajuste de su trabajo, deben partir de la base de la existencia de la misma. Creemos que la causa pudo ser investigada por el gran jurado que se sorteó en febrero. Además, el plazo que medió entre el Gran Jurado que se sorteó en febrero y el que se sorteó en junio fué demasiado largo para cumplir con las exigencias de la vigente Ley de Enjuiciamiento Criminal.

En el caso de *El Pueblo* v. *Almodóvar*, 32 D.P.R. 829, esta Corte Suprema se expresó así:

"En efecto, la misma corte expresa que uno de los términos de sus sesiones se celebró en mayo y junio de 1922 y que el Gran Jurado no se constituyó hasta el 12 de junio. Siendo ello así, habiendo podido constituirse el jurado en mayo y no demostrándose que dejara de constituirse en esa fecha por razones necesarias, surge claro el derecho del acusado de acuerdo con la ley y la jurisprudencia citada por la propia Corte de Distrito. Como los términos de las Cortes de Distrito de Puerto Rico son cinco de dos meses cada uno y como se reúne un Gran Jurado cada término, el plazo de sesenta días, que es el doble del fijado en California, no resulta imposible de cumplir."

Debe *revocarse la sentencia apelada y ordenarse el archivo de la acusación.*